# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>   Plaintiff,<br><br>   v.<br><br>FRESNO US COURT, et al.,<br><br>   Defendants. | **Case No.  1:22-cv-00623-DAD-SKO**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***<br><br>**(Doc. 2)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Billy Driver, is a state prisoner proceeding *pro se* in this civil action, which he filed on May 24, 2022.  (Doc. 1.)  Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on May 24, 2022.  (Doc. 2.)

**I.     DISCUSSION**

The Prison Litigation Reform Act ("PLRA")'s "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

1

reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding *in forma pauperis* unless the imminent danger exception applies.

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice that Plaintiff has, on more than three occasions, brought an action that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See Driver v. U.S. Special Master,* 1:17-CV-0202-DAD-BAM, at Docs. 7 & 9 (listing strikes). Accordingly, prior to the date he filed this action, Plaintiff had at least three strikes under section 1915(g), and he may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d at 1053. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under section 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . ."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaint does not credibly allege that he is in any danger of imminent physical harm. Although Plaintiff makes reference to the imminent danger exception (*see* Doc. 1 at 1, 3), he does not plead any facts to support it. Instead, his allegations are that Defendants refused to issue civil case documents in a pending lawsuit in this Court and failed to direct the IRS to pay the monetary damages requested in that lawsuit. (*See id*. at 3–4). A denial of court action in a pending

lawsuit does not constitute any sort of "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See, e.g., Driver v. US Dist. Ct. for E. Dist. of California*, No. 2:20-cv-1158-KJM-DMC (PC), 2020 WL 6121217, at *1 (E.D. Cal. July 24, 2020), *report and recommendation adopted*, 2020 WL 6118456 (E.D. Cal. Oct. 16, 2020) (denial of jury trials for monetary damages does not constitute any sort of danger to plaintiff's physical well-being).

In sum, none of Plaintiff's allegations show he was under an imminent danger at the time he filed this action. The Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass section 1915(g)'s restriction on filing suit without prepayment of the filing fee since he previously received three strikes. Plaintiff may not proceed *in forma pauperis* and must pay the $402.00 filing fee if he wishes to litigate this action.

## II.     CONCLUSION and RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) be DENIED pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 6, 2022**                     /s/ *Sheila K. Oberto*                
                                                             UNITED STATES MAGISTRATE JUDGE