UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>  Plaintiff,<br><br> v.<br><br> FRESNO US COURT, et al.,<br><br>  Defendants. | No. 1:22-cv-00623-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Doc. No. 13) |

Plaintiff Billy Driver is a state prisoner proceeding *pro se* in this civil action, which he filed on May 24, 2022. (Doc. No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on May 24, 2022. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 7, 2022, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied on the grounds that plaintiff was subject to the three strikes bar under 28 U.S.C. § 1915(g) and that the allegations of his complaint did not satisfy the "imminent danger of serious physical injury" exception to that bar. (Doc. No. 5.)

Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 3.) On

1  June 27, 2022, plaintiff timely filed objections to the pending findings and recommendations.
2  (Doc. No. 6.)
3      In his objections, plaintiff includes an "Administrative Segregation Unit Placement
4  Notice," which indicates that he was placed in segregated housing at Kern Valley State Prison on
5  June 16, 2022, due to "self-expressed safety/enemy concerns." (Doc. No. 6 at 3.) There is no
6  other factual detail or support provided with respect for plaintiff's "concerns," and nothing else in
7  the record suggests that plaintiff was facing any imminent danger of physical injury at the time he
8  filed his complaint in this action on May 24, 2022. *See Andrews v. Cervantes*, 493 F.3d 1047,
9  1050 (9th Cir. 2007). "[V]ague and utterly conclusory assertions" of imminent danger are
10 insufficient to establish one's entitlement to relief under § 1915(g)'s exception. *White v.*
11 *Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Plaintiff's objections therefore provide no
12 basis upon which to reject the pending findings and recommendations.
13     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
14 *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
15 objections, the court concludes that the findings and recommendations are supported by the
16 record and proper analysis.
17     Accordingly:
18     1.    The findings and recommendations issued on June 7, 2022 (Doc. No. 5), are
19         adopted;
20     2.    In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma*
21         *pauperis* (Doc. No. 2) is denied;
22     3.    Within twenty-one (21) days following service of this order, plaintiff shall pay the
23         $402.00 filing fee in full to proceed with this action;
24 /////
25 /////
26 /////
27 /////
28 /////

4. Failure to pay the required filing fee in full within the specified time will result in the dismissal of this case; and

5. The matter is referred back to the magistrate judge for proceedings.

IT IS SO ORDERED.

Dated:  **July 12, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3